Santos Buxó, Jr., Plaintiff and Appellee-Appellant, v. Emigdio Osvaldo Sellés Roldán et al., Defendants and Appellants-Appellees.

No. 6683. Decided December 18, 1935.

Gonzalez Fagundo & González, Jr., for appellants-appellees. Burset & Pérez Pimentel, and Lucas F. Serbiá Córdova for appellee-appellant.

Mr. Justice Wolf delivered the opinion of the court.

In this motion for reconsideration it appears now that at the same time that the appellant filed in this court a motion (granted by us) for a new term to file a statement of the case or transcript of the evidence, he also then filed a motion in the lower court for a new trial based on the loss of the stenographer's notes. Necessarily, when counsel came into this court and asked for a new term to incorporate the evidence as aforesaid, we were bound to assume that such incorporation could be effected. Else, why waste the time of this court, as was done, and as can be seen in the two reported decisions in this same case, 47 P.R.R. 296, 48 P.R.R. 808. In other words, the appellant believed, as did we, that there was a strong possibility of filing either a statement of the case or transcript of the evidence. We still think so.

The appellant says that the opinion of this court was based on conjectures and the like. In our opinion, many decisions will follow this course. In general, the famous dilemma, well-known to logic, is a familiar example. One of two things may be true, but if either of them is true, a particular party still can not win. Perhaps the opinion may have been more explicit for the benefit of the appellant but we were relying on no more conjecture than, in our opinion, the state of the record required.

Naturally, we were pretty well convinced that the stenographer died without transcribing his notes and only out of excess of caution did we say, "possibly without transcribing his notes." We confess that it would have been better to have said "probably." There was the opposite possibility and also that the court might have had access to the notes.

Appellant wonders why we should say that it was significant that the court rendered its judgment thereafter, meaning after the death of the stenographer. What we had partially in mind, and we thought it was obvious, assuming the absence of the notes, was that the trial judge did not

need them to arrive at his conclusion. We really thought that the judge readily might have reproduced the facts of the trial from his memory.

We said in our opinion that after the judgment no attempt was made to "incorporate" the evidence. It must be that counsel totally misunderstands the use of the word "incorporate." The court, of course, has no power to listen afresh to witnesses but it readily may and usually does incorporate the evidence that was actually taken at the trial by reference to stenographer's notes or from a statement of the case prepared by counsel and corrected by the court.

What we were emphasizing was that, after the death of the stenographer and after the judgment of the court, a statement of the case might readily have been drawn up from the memory of the court, if not from the memory of others, including perhaps counsel for plaintiff.

In one of our previous decisions, *supra,* we were excusing any possible lack of diligence of appellant in failing to obtain time for the presentation of the statement of the case, which from their own representations, as we said in the beginning of this opinion, we thought could be produced. Practically everything we said in these earlier cases was on the basis that it was possible to incorporate the evidence.

It is true that we said in 47 P.R.R. 296, *supra,* that appellant apparently had a good defense, that is, that from the pleadings it appeared so. In our last opinion we thought that there should have been a showing that the appellant had a good defense in actual fact. When a motion for a new trial on the ground of a loss of notes is presented, we must have some idea that a new trial could change the result. *Sánchez* v. *Vizcarrondo,* 45 P.R.R. 64; *Amaral* v. *Gerena,* 46 P.R.R. 710.

We still insist that the trial judge might possibly have reconstructed the facts at the trial and this possibility was by no means excluded by appellant. If the judge could not

have done so, this fact was easily ascertainable. Then the same judge, if the motion had been presented to him, might have granted a new trial. The appellant did not exhaust his opportunities.

We said that the facts of the case might have been simple. We did not mean that there might not have been important issues of fact or of law, but that the reproduction of the evidence offered at the trial would not have been difficult. If the testimony was brief, as it might have been and probably was, it could readily be remembered.

If the trial judge had granted a new trial, in total probability we should not have reversed his order. When, however, another judge intervenes we are in exactly the same position as he was and appellant should do something to show us that a new trial should have been granted so as not to deprive an appellee from a deservedly won case.

Of course, it was not the fault of the present counsel, but when a defendant fails to present himself at the trial he should make a stronger showing than usual to obtain a new hearing.

The theory of this court in both the *Sánchez Osorio* and *Amaral* cases, *supra,* was that a party seeking a new trial should make a strong demonstration of merits.

The motion should be denied.